TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
322 Highway 35 South
Red Bank, New Jersey 07701
(732) 985-1000
Attorneys for Plaintiff
United Specialty Insurance Company

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | Civil Action No.: |
| Plaintiff, | |
| -v- | **DECLARATORY JUDGMENT COMPLAINT** |
| LARRY T. CORP. DBA CITY LINE CAR WASH, KLEEN KAR, LLC, DINO DIAMANTE NICOLETTA, MARK TARNOFSKY, THOMAS CHAMORO, THOMAS GARCIA-GARCIA, also known as, TOMAS GARCIA, PATRICK GRAY, | |
| Defendants. | |

Plaintiff United Specialty Insurance Company ("United Specialty"), complaining of defendants Larry T. Corp. d/b/a City Line Car Wash, Kleen Kar, LLC, Dino Diamante Nicoletta, Mark Tarnofsky, Thomas Chamoro, Thomas Garcia-Garcia a/k/a Tomas Garcia (collectively, the "Car Wash Defendants") and nominal defendant, Patrick Gray, states as follows:

## NATURE OF ACTION

1.      Plaintiff brings this coverage action against the defendants for: (i) a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Plaintiff has no duty to defend or indemnify the Car Wash Defendants in an underlying lawsuit captioned *Gray v. Chamoro, et al.*, Docket No. HUD-L-3029-17 pending in the New Jersey Superior Court, Law Division in Hudson County (the

"Underlying Action"); or in the alternative, that (ii) Plaintiff's obligation to indemnify the Car Wash Defendants is limited to a $15,000 liability limit.

## THE PARTIES

2. Plaintiff is incorporated under the laws of the State of Delaware and its principal place of business is in Texas.

3. Defendant Larry T. Corp. d/b/a City Line Car Wash (the "Car Wash") is incorporated under the laws of New Jersey and its principal place of business is in Jersey City, New Jersey.

4. Defendant Kleen Kar, LLC is incorporated under the laws of the State of New York and its principal place of business in New York, New York.

5. Defendant Dino Diamante Nicoletta resides in Colts Neck, New Jersey 07722.

6. Defendant Mark Tarnofsky resides in New York, New York. (The Car Wash, Kleen Kar, LLC and Messrs. Diamante Nicoletta and Tarnofsky are referred to collectively as the "Car Wash Defendants").

7. Defendant Thomas Chamoro, Thomas Garcia-Garcia a/k/a Tomas Garcia (the "Car Wash Employee") resides in Jersey City, New Jersey 07305.

8. Nominal Defendant Patrick Gray (the "Underlying Plaintiff") resides in Jersey City, New Jersey.

## JURISDICTION AND VENUE

9. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because this action involves a dispute between citizens of different states.

10. Venue properly rests in this Court pursuant to 28 U.S.C. § 1391.

## THE UNDERLYING ACTION

11. On July 20, 2017, the Underlying Plaintiff filed suit in the Law Division of the New Jersey Superior Court in Hudson County in an action captioned *Gray v. Chamoro, et al.*, Docket No. HUD-L-3029-17 (the "Underlying Action").

12. The Complaint in the Underlying Action alleges that on June 1, 2017, an unnamed customer gave permission to the Car Wash Employee to operate his vehicle at the City Line Car Wash in Jersey City, New Jersey.

13. The Complaint further alleges that as a result of the Car Wash Employee's alleged carelessness, negligence, recklessness, and gross negligence in operating the customer's vehicle, the Car Wash Employee reversed the customer's vehicle, pinning the Underlying Plaintiff between the rear of the customer's vehicle and the front of the Underlying Plaintiff's vehicle. The Underlying Plaintiff is alleged to have sustained severe injuries, including but not limited to, the loss of both lower limbs.

14. The Complaint alleges that although the Car Wash Employee was an unlicensed driver, the Car Wash permitted him to operate vehicles at the Car Wash.

15. The First Count alleges that the Car Wash Defendants negligently hired and supervised the Car Wash Employee.

16. The Second Count alleges that the Car Wash Defendants negligently breached their duty to use reasonable care to inspect and make the premises reasonably safe.

17. The Third Count alleges that the Car Wash Defendants are liable to the Underlying Plaintiff because the unnamed customer's vehicle was a dangerous instrumentality under the defendant(s)' control, and but for the carelessness, negligence and recklessness of the defendant(s), the Underlying Plaintiff would not have sustained his alleged injuries.

18. The Fourth Count alleges that the Car Wash Defendants negligently breached their duty to warn the Underlying Plaintiff of the dangers and risks of being on the premises of the Car Wash.

19. The Fifth Count alleges that the Car Wash Defendants created and/or maintained a nuisance, which resulted in the Underlying Plaintiff's alleged injuries.

20. The Sixth Count alleges that the Car Wash Defendants maintained, operated, controlled and/or supervised a dangerous instrumentality and are strictly liable for the Underlying Plaintiff's alleged injuries.

21. Plaintiff has offered to provide a defense to the Car Wash Defendants and the Employee subject to a reservation of rights to withdraw the defense, deny coverage and file a declaratory judgment action to determine its obligations under the policy it issued.

**THE UNITED SPECIALTY INSURANCE COMPANY POLICY**

22. Plaintiff issued a Commercial Lines Policy to Larry T. Corp. d/b/a City Line Car Wash as the named insured for the period October 21, 2016 to October 21, 2017 (the "Policy").[1] By way of endorsement, the Policy was amended to identify Kleen Kar, LLC as the named insured, effective November 30, 2016.

23. The Policy's Garage Coverage Form Declarations (USAG 1900 0713) includes a Schedule of Coverages and Covered Autos. This Schedule identifies that the Policy provides liability coverage for Covered Autos. The Schedule identifies Covered Autos as those autos within the Symbol 29 designation of the Policy's Covered Autos Section.

24. The Policy's Garage Coverage Form's Description of Covered Auto Designation Symbols describes Symbol 29 to include the following autos as Covered Autos:

---

[1] The Policy was cancelled effective October 2, 2017 for non-payment of premium.

| Symbol | Description of Covered Auto Designation Symbols | |
|---|---|---|
| 29 | Non-owned "Autos" Used in Your Garage Business | Any "auto" you do not own, lease, hire, rent or borrow used in connection with your garage business described in the declarations.  This includes "autos" owned by your "employees" or partners (if you are a partnership), members (if you are a limited liability company) or members of their households while used in your garage business. |

25.     Section II of the Policy provides liability coverage for "Garage Operations" – Other Than "Covered Autos" and "Garage Operations" – "Covered Autos."

26.     The Policy includes a "Special Exclusions and Limitations Endorsements" (CAG 1901 0916), which provides in relevant part:

This endorsement modifies insurance provided under the following:

GARAGE COVERAGE FORM

**CHANGES APPLICABLE TO SECTION II – LIABILITY COVERAGE**

**A.**  The following exclusions are added to Section **II** Liability Coverage, paragraph **B.**, Exclusions.

This insurance does not apply to:

*        *        *

**Ownership, Operation, Maintenance or Use of "Autos" Other than Covered "Autos"**

Claims or demands arising from "Garage Operations" – Other Than Covered "Autos" liability coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, operation or use of any "auto".

This exclusion does not apply to liability of the "insured" arising out of "work your performed" on a "customer's auto" provided that the "auto" is not being used in your "garage operations" at the time of the "accident".

27.     The Policy includes a "Reduced Liability Limits for Insured Drivers Under 21 or Drivers Without Proper Operator's License" (CAG 1917 0313), which provides in relevant part:

This endorsement modifies insurance provided under the following:

5

GARAGE COVERAGE FORM

The subsequent paragraphs are added to Section **II** – Liability Coverage, paragraph **C.**, Limit of Insurance, sub-paragraph **2.**, Limit of Insurance – "Garage Operations" – Covered "Autos".

**Limit of Insurance – Insured Drivers Under 21 or Drivers Without Proper Operator's License**

The maximum limit of liability afforded by this policy for an "accident" involving an "insured" driver under the age of twenty-one (21) or anyone operating an "auto" without a proper or valid operator's license, as required by the state in which the 'auto' is operated, shall not exceed the basic financial responsibility limit required by the state in which the "accident" occurs.

This reduced liability limit applies even if the claims against any "insured" allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that "insured", if the "accident" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated or rented or loaned to any "insured".

## COUNT I
## DECLARATORY JUDGMENT

28. Plaintiff repeats the allegations of Paragraphs 1 through 27 and incorporates them as if fully set forth herein.

29. The "auto" at issue in the Underlying Action is not a Covered Auto under the Policy.

30. The Policy's "Garage Operations" – Other Than Covered "Auto" liability coverage does not apply to allegations in the Underlying Action.

31. If the allegations are deemed to fall within the Policy's "Garage Operations" – Other Than Covered "Auto" coverage grant, the Ownership, Operation, Maintenance or Use of "Autos" Other than Covered "Autos" exclusion in the Policy's Special Exclusions and Limitations Endorsement applies to eliminate coverage.

32. By reason of the foregoing, an actual and justiciable controversy exists.

WHEREFORE, Plaintiff respectfully requests a declaration establishing that:

    a. Plaintiff has no defense duty with respect to the Underlying Action;

    b. Plaintiff has no indemnification duty with respect to the Underlying Action;

    c. Plaintiff may recover its attorneys' fees and court costs; and

    d. Plaintiff is entitled to such other relief as the Court may deem just and proper under the circumstances.

## COUNT II
## DECLARATORY JUDGMENT

33. Plaintiff repeats the allegations in Paragraphs 1 through 32 as if set forth herein.

34. If the "auto" at issue in the Underlying Action is deemed a Covered Auto under the Policy, the "Reduced Liability Limits for Insured Drivers Under 21 or Drivers Without Proper Operator's License" endorsement applies.

35. By reason of the foregoing, an actual and justiciable controversy exists.

WHEREFORE, Plaintiff respectfully requests a declaration establishing that:

    a. Plaintiff's indemnification obligation under the Policy, if any, is limited to $15,000;

    b. Plaintiff may recover its attorneys' fees and court costs; and

    c. Plaintiff is entitled to such other relief as the Court may deem just and proper under the circumstances.

Dated: January 17, 2018

TRAUB LIEBERMAN STRAUS
& SHREWSBERRY LLP
Attorneys for Plaintiff
United Specialty Insurance Company

By: /s/ Richard K. Traub
Richard K. Traub, Esq.
322 Highway 35 South
Red Bank, New Jersey 07701
732-985-1000
rtraub@traublieberman.com